**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **CIVIL ACTION NO. 26-CV-8126** |
| **DAMIAN D. WHITAKER** | : | |

# MEMORANDUM

**MARSTON, J.** **October 27, 2026**

Plaintiff Damian D. Whitaker, a self-represented litigant who is currently incarcerated at SCI Dallas, filed this civil rights action pursuant to 42 U.S.C. § 1983 "on the lower Court of Delaware County" based on criminal proceedings that led to his conviction.[1] For the following reasons, the Court will dismiss Whitaker's Complaint.

## I. FACTUAL ALLEGATIONS[2]

Whitaker's claims stem from an underlying criminal proceeding brought against him in the Delaware County Court of Common Pleas, in which he was found guilty of "Strangulation – Applying Pressure to Throat or Neck," as well as other crimes, and sentenced to a term of incarceration. *See Commonwealth v. Whitaker*, No. CP-23-CR-0005797-2018 (C.P. Delaware). Whitaker's appeal, petition for post-conviction relief, and numerous post-sentence motions, including one seeking DNA testing, were not successful. *Id.* In the instant civil action, Whitaker brings claims against the state court "for Double Je[o]pardy, un-fair trial, and Due-Process

---

[1] Although Whitaker did not include a caption identifying the parties in accordance with Federal Rule of Civil Procedure 10(a), it is apparent from his filing that he seeks to name the court as the Defendant in his civil rights action.

[2] The following allegations are taken from the Complaint and public dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

violation[s].” (Doc. No. 2 at 1.) Specifically, he alleges that the state court lacked jurisdiction to convict him of strangulation, refused to allow DNA testing on a knife that was used as evidence, and deprived him of a “fair trial” because he was acquitted of felony strangulation but sentenced to misdemeanor strangulation. (*Id.*) Whitaker seeks unspecified injunctive relief.

## II. STANDARD OF REVIEW

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, a district court may take a “flexible approach” and opt to screen the complaint prior to addressing the *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) (“[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.”). This approach “permits courts to move early to screen complaints in order to conserve judicial resources.” *Id.*; *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (endorsing district court’s dismissal of complaint as frivolous under § 1915(e)(2)(B)(i) without granting *in forma pauperis* status where *in forma pauperis* application was unclear). Whitaker seeks to proceed “as a poor man,” (Doc. No. 1; Doc. No. 2 at 2), but he did not file a proper motion to proceed *in forma pauperis* with a certified copy of his prison account statement for the previous six months as required by 28 U.S.C. § 1915(a). However, since it is apparent that the Complaint is baseless, it will save judicial resources to screen the Complaint at this time rather than requiring Whitaker to return with complete paperwork for proceeding *in forma pauperis*.

Among other things, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss a Complaint if it is frivolous or fails to state a claim. A complaint is frivolous under § 1915(e)(2)(B)(i) if it “lacks an arguable basis either in law or in fact.” *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is “based on an indisputably meritless legal theory.” *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A complaint states a claim if it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Whitaker's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Whitaker is proceeding *pro se*, so the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). The Court is also required to screen the Complaint pursuant to 28 U.S.C. § 1915A on the same bases, since Whitaker is a prisoner suing a government entity.

## III. DISCUSSION

Whitaker brings his constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are several reasons why Whitaker's claims may not proceed.

First, since Delaware County Court of Common Pleas is an arm of the Commonwealth of Pennsylvania, it is not considered a "person" who may be sued under § 1983, and it also shares in the Commonwealth's Eleventh Amendment immunity, which prevents it from being sued in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (stating that state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity).

Second, to the extent Whitaker challenges his criminal conviction and sentence and seeks to vacate his conviction or other injunctive relief that would shorten the duration of his incarceration, his claims are not cognizable. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus . . . .").

Third, to the extent Whitaker's Complaint can be construed as raising claims based on denial of post-conviction DNA testing, he has not stated a claim because, as in a prior case he filed raising essentially the same claims, he does not allege "how, if at all, Pennsylvania's procedures for post-conviction DNA testing violated his due process rights." *Whitaker v. Yeadon Twp. Police Dep't*, No. 24-CV-1389, 2024 WL 3889617, at *6 (E.D. Pa. Aug. 19, 2024) (footnote omitted); *see also Skinner v. Switzer*, 562 U.S. 521, 534-37 (2011) (discussing access to DNA testing in the context of due process); *Dist. Att'y's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72–75 (2009) (same).

In sum, the Court cannot discern any legal basis for Whitaker's § 1983 claims against the Delaware County Court of Common Pleas. Accordingly, his Complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Whitaker's Complaint and deny his motion to proceed *in forma pauperis* as moot given the dismissal. Whitaker will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, the dismissal of Whitaker's § 1983 claims does not

preclude him from filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 after exhausting state remedies should he seek to do so.[3]

An appropriate Order follows, which dismisses this case, and which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Karen Spencer Marston**

**KAREN SPENCER MARSTON, J.**

[3] The Court expresses no opinion on the merits of any such petition.